THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SCOTT M. HARMISON, Defendant-Appellant.

Third District   No. 3—83—0529

Opinion filed May 24, 1984.

Robert Agostinelli and Jean Herigodt, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Scott Harmison, was convicted, following a bench trial in the circuit court of Peoria County, of calculated criminal drug conspiracy (Ill. Rev. Stat. 1983, ch. 56½, par. 1405(a)), and delivery of a controlled substance (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(b)(2)). The court sentenced the defendant to six years' imprisonment for the conspiracy conviction and to a concurrent term of probation for the delivery conviction. A $2,000 fine was also imposed upon the defendant, based upon the "street value" of the delivered contraband, pursuant to section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1).

■■ ■ We shall consider first the defendant's argument that the indictment charging him with calculated criminal drug conspiracy was fatally defective. The defendant contends his conviction should be reversed because the indictment did not state the elements of the offense with sufficient particularity so as to enable him to prepare his defense. (See *People v. Rice* (1943), 383 Ill. 584, 589 (indictment for solicitation failed to name the person solicited); *People v. Binkley* (1975), 25 Ill. App. 3d 27, 30.) The indictment alleges that the defendant and Robert Dubois were part of a conspiracy undertaken with "another." The indictment does not name, or identify, this other person. As will be discussed below, proof of the agreement of the unnamed person was essential to the State's case. The defendant could not develop a defense concerning the alleged agreement of the unnamed coconspirator without knowing the person's identity. Consequently, we find the indictment did not permit the defendant to prepare his defense. Therefore, the indictment was fatally defective. For the same reason, we find that the trial court erred in denying the defendant's motion for a bill of particulars which requested the identification of the unnamed coconspirator.

The above holdings, however, do not dispose of this appeal. The defendant also argues that the evidence was insufficient to sustain the charge of calculated criminal drug conspiracy. We shall decide the sufficiency of the evidence issue in order to avoid the possible double jeopardy of the defendant. *People v. Moore* (1984), 121 Ill. App. 3d

570.

The evidence established that Neal Dewalt, a confidential informant, asked the defendant to sell some cocaine to Richard Bancus, an undercover agent. The defendant, in turn, asked Robert Dubois if he could obtain the needed cocaine. The defendant suggested to Dubois that Dubois obtain the contraband from Peter Lowe. The defendant could not approach Lowe because of a large outstanding debt between Lowe and the defendant. Dubois convinced Lowe to "front" the drugs to Dubois, but did not tell Lowe of the planned sale to Bancus. Dubois accompanied the defendant to the designated rendezvous point. After the defendant made the transaction with Bancus, Dubois and the defendant were arrested.

A person commits the crime of calculated criminal drug conspiracy when:

> "*** (1) he violates any of the provisions of subsections (a) or (b) of Section 401 [the manufacture or delivery of certain controlled substances, including cocaine]; or subsection (a) of Section 402 [possession of certain controlled substances, including cocaine]; and
>
> (2) such violation is part of a *conspiracy undertaken or carried on with two or more other persons*; and
>
> (3) he obtains anything of value greater than $500 from, or organizes, directs or finances such violation or conspiracy ***."
> (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 56½, par. 1405(b)(1) through (3).)

The basic distinction between a calculated drug conspiracy and simple conspiracy (Ill. Rev. Stat. 1983, ch. 38, par. 8—2) is that the former requires a minimum of three conspirators, while the latter only requires a minimum of two conspirators. (*People v. Brown* (1982), 107 Ill. App. 3d 742, 744.) In order to prove a calculated drug conspiracy, it must be shown that three or more conspirators agreed to the commission of the same offense. For example, in *Brown*, two of the conspirators agreed to sell drugs to an undercover agent. One of the conspirators subsequently contacted Brown in order to obtain the drugs. Brown also agreed to sell the drugs to the undercover agent. Thus, there were three men agreeing to the planned sale of drugs to the agent.

In the instant case, the burden was upon the State to prove that all three men, the defendant, Dubois, and Lowe, conspired to sell the cocaine to Bancus. The State only proved that the defendant and Dubois agreed to make the sale. The fact the defendant knew that Dubois would get the cocaine from Lowe was not sufficient to prove that

Lowe was the third person in the calculated drug conspiracy. In Illinois, we do not recognize the crime of unilateral conspiracy. There must be a bilateral agreement between conspirators. (*People v. Foster* (1983), 99 Ill. 2d 48, 54; *People v. Ambrose* (1975), 28 Ill. App. 3d 627, 629.) The evidence at trial did not prove that Lowe agreed with the defendant, or Dubois, to the commission of the crime. Indeed, the evidence indicates that Lowe did not know about the defendant's planned sale to Bancus.

■ The trial court acknowledged the absence of evidence concerning Lowe's agreement to the sale to Bancus. Yet, the lower court found the defendant guilty because of a mistaken belief that Lowe's agreement was unnecessary. Lowe's agreement was crucial to the case. Without the agreement of three or more conspirators, there cannot be a calculated criminal drug conspiracy. We find the evidence was insufficient to prove a calculated criminal drug conspiracy. Therefore, we reverse the defendant's conspiracy conviction.

■ We turn now to the defendant's argument that the $2,000 fine imposed under section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1) was an unconstitutional mandatory fine. The defendant contends that the mandatory fine violated the due process and separation of powers provision of the Illinois Constitution because the trial court was not allowed to consider the defendant's financial resources and was deprived of its discretion in imposing the fine. The lower court determined that the statute required a mandatory fine because the defendant was convicted of delivery of a controlled substance. The amount of the fine was based upon the "street value" of the contraband. We agree with the trial court that the fine was mandatory. Also, we choose to follow the holding of *People v. Ruff* (1983), 115 Ill. App. 3d 691, wherein the court found that a mandatory fine under section 5—9—1.1 did not violate the due process and separation of powers provision of the Illinois Constitution. Therefore, we uphold the imposition of the fine against the defendant.

For the reasons set forth above, the conviction for calculated criminal drug conspiracy is reversed. The sentence of probation on the delivery of a controlled substance conviction is also reversed. The case is remanded for resentencing on the conviction for delivery of a controlled substance.

Reversed in part; affirmed in part; remanded.

SCOTT and STOUDER, JJ., concur.