# Illinois Official Reports

## Appellate Court

---

### *People v. Barajas*, 2018 IL App (3d) 160433

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OVERATH BARAJAS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0433 |
| Filed<br>Rehearing denied | November 1, 2018<br>December 3, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, Nos. 02-TR-10880, 02-TR-19427, 02-TR-19429, 09-TR-3527; the Hon. Thomas W. Cunningham, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino, David J. Robinson, and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justice McDade concurred in the judgment and opinion.<br>Justice Wright dissented, with opinion. |

**OPINION**

¶ 1    Defendant, Overath Barajas, appeals from the circuit court's order granting in part and denying in part his motion to revoke fines imposed in case Nos. 02-TR-10880, 02-TR-19427, and 02-TR-19429. We vacate and remand with directions.

¶ 2                                    FACTS

¶ 3    On May 17, 2002, in case No. 02-TR-10880, the State charged defendant with operating an uninsured motor vehicle (625 ILCS 5/3-707 (West 2002)). Defendant pled guilty to the offense. The court sentenced defendant to pay $650 in fines.

¶ 4    On October 15, 2002, in case No. 02-TR-19427, the State charged defendant with operating a motor vehicle when his registration was suspended for lack of insurance (*id.* § 3-708). On October 29, 2002, the court entered an *ex parte* judgment due to defendant's failure to appear. The court found defendant guilty of the charged offense and sentenced defendant to pay $1000 in fines.

¶ 5    Also on October 15, 2002, in case No. 02-TR-19429, the State charged defendant with operating an uninsured motor vehicle (*id.* § 3-707). On October 29, 2002, the court entered an *ex parte* judgment due to defendant's failure to appear. The court found defendant guilty of the charged offense and sentenced defendant to pay $501 in fines.

¶ 6    On April 27, 2016, defendant filed a motion for revocation of fines in case Nos. 02-TR-10880, 02-TR-19427, and 02-TR-19429. Defendant alleged that he was unable to pay the fines imposed in these cases because he was then serving a five-year prison sentence on an unrelated charge and earned only $10 per month. Defendant said that he would be released on mandatory supervised release 11 months from the date of the motion. Defendant alleged the following "good cause" for his inability to pay his fines:

"1. [Defendant] must find housing to parole to.

2. [Defendant] must find employment as an ex-offender.

3. [Defendant] may have to attend programs for rehabilitation possibly recomended [*sic*] by the Prisoner Review Board, and pay fees for attendance.

4. [Defendant] has no family with the financial means to assist him upon release."

Defendant filed with his motion an affidavit of finances and property. Defendant attested that he (1) earns an income of $10 per month while incarcerated; (2) owns no property; (3) must find housing upon his release from prison to comply with the terms of his mandatory supervised release; (4) has no employment awaiting him upon release and has no income or other funds available; (5) will need to find employment as an ex-offender; (6) has no insurance, equities, real estate, annuities, or inheritance; and (7) has no family with financial means to assist him upon release from the Department of Corrections.

¶ 7    The court found that defendant's income was $10 per month. In case No. 02-TR-10880, defendant paid $894 of the combined fines and fees balance of $926. The court ruled that defendant had shown good cause to revoke the $32 balance of his fines. With regard to case Nos. 02-TR-19427 and 02-TR-19429, the court denied defendant's motion. The court explained that "[a]lthough the defendant has shown that that [*sic*] he is currently unable to pay said fines, he has not shown good cause for why over the period of the last 14 years or so *** very little has been paid on these cases." Defendant filed a notice of appeal in case Nos.

02-TR-10880, 02-TR-19427, and 02-TR-19429.

¶ 8                                    ANALYSIS

¶ 9       Defendant argues that the court abused its discretion when it denied his motion to revoke fines in case Nos. 02-TR-19427 and 02-TR-19429. Defendant does not contest the court's ruling in case No. 02-TR-10880 in this appeal. Upon review of the record, we find that the circuit court applied the incorrect standard when it ruled on defendant's motion to revoke fines as the statutory good cause standard considers only defendant's inability to pay or hardship and not the amount of fines paid.

¶ 10      Section 5-9-2 of the Unified Code of Corrections (Code) provides, "the court, upon good cause shown, may revoke the fine or the unpaid portion or may modify the method of payment." 730 ILCS 5/5-9-2 (West 2016). The "upon good cause shown" standard is ambiguous. See *id.* In an attempt to define this standard, we reviewed the legislative history of Public Act 77-2097, which enacted section 5-9-2, and Public Act 87-396, which amended this section. See Pub. Act 77-2097, § 5-9-2 (eff. Jan. 1, 1973) (adding 730 ILCS 5/5-9-2); Pub. Act 87-396, § 1 (eff. Jan. 1, 1992) (amending 730 ILCS 5/5-9-2). The record of the legislative proceedings on both of these acts provided no clarification of the good cause standard. In the absence of legislative history, we look to the council commentary in the annotated statute for guidance. *In re B.L.S.*, 202 Ill. 2d 510, 517 (2002); see also *People v. Ross*, 168 Ill. 2d 347, 352 (1995) (council commentary is persuasive authority). The council commentary to section 5-9-2 states "[t]he section is designed to mitigate a fine on a showing of inability to pay or hardship." 730 ILCS Ann. 5/5-9-2, Council Commentary, at 303 (Smith-Hurd 2007). The council commentary establishes that a showing of good cause is tantamount to showing an inability to pay or a hardship that prevents a defendant from paying his fines. Consistent with the council commentary, the Fourth District has observed that a court need not consider a defendant's ability to pay at the time it imposes fines because "safeguards exist for those who in good faith are unable to pay a fine." *People v. Ruff*, 115 Ill. App. 3d 691, 695 (1983). Those safeguards include the fine revocation provisions of section 5-9-2. *Id.* Therefore, to warrant revocation of a defendant's fines, defendant must establish "good cause," which is an "inability to pay" or a "hardship" that prevents him from paying the fines imposed by the court. 730 ILCS Ann. 5/5-9-2, Council Comments-1973, at 303 (Smith-Hurd 2007).

¶ 11      The court's order in the instant case establishes that it not only considered defendant's inability to pay but also the amount of payments that defendant had made in each of the cases. The trial court found that, although the defendant established good cause with regard to one fine, he had not been diligent with the other two fines over the preceding 14 years. The court thus failed to establish good cause with regard to them. In making this finding, the court erroneously expanded the good cause standard beyond inability to pay or hardship to include prior diligence as shown by the portion of the fines he had or had not previously paid. This was an abuse of its discretion. Therefore, we vacate the court's order revoking fines in case No. 02-TR-10880 and denying defendant's motion as to case Nos. 02-TR-19427, and 02-TR-19429. We remand the cause with directions for the court to consider only defendant's allegations and evidence of inability to pay or hardship to determine if he has established good cause to revoke his fines.

## CONCLUSION

The judgment of the circuit court of Kankakee County is vacated and remanded with directions.

Vacated and remanded with directions.

JUSTICE WRIGHT, dissenting:

I respectfully dissent. I strongly disagree that "good cause" is an ambiguous term. This term is frequently included in boilerplate contract language that is subject to judicial construction. To hold that the term is ambiguous, in this particular context, could have far reaching and unintended legal consequences.

Here, defendant requested the trial court to vacate several fines from various cases spanning many years. The majority takes issue with the trial court's decision to examine the amounts defendant actually paid in one case when determining whether defendant was unable to pay court ordered monetary consequences in all cases. I respectfully disagree that the trial court expanded the good cause standard beyond inability to pay or hardship.

It is impossible to prepare a finite list of circumstances that should or should not be considered by a trial judge conducting a good cause analysis on a case-by-case basis. Every defendant and every case is unique and must be treated accordingly. Of course, a trial judge *must* examine the reason defendant paid some part of the court ordered fines in the past but is now claiming an inability to pay other fines in the future. Past history of payment is the best method to evaluate good cause.

Chronic nonpayment, in spite of release, supports two explanations. Either defendant was unable to pay or defendant was unwilling to pay. The former explanation is good cause, while the latter explanation is not.

After the imposition of fines for the 2002 traffic violations, defendant was resourceful enough to find the means to secure alcohol and an automobile, resulting in a subsequent conviction for a third driving under the influence and a felony driving while license revoked while his 2002 fines were unpaid. Based on this record, I conclude the experienced trial judge did not abuse his discretion by reducing the small balance due on one file, case No. 02-TR-10880, rather than reducing the entire balance due on all fines including case Nos. 02-TR-19427 and 02-TR-19429.

I have great faith in the judiciary to recognize good cause when it presents itself to the court. It is impossible to evaluate a future ability to pay following release from prison without considering defendant's past history of payment when not incarcerated. For these reasons, I respectfully dissent.