**NOTICE**
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 170892-U

NO. 4-17-0892

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

**FILED**
February 10, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee | ) | Circuit Court of |
| v. | ) | Champaign County |
| GARY A. O'BRYANT, | ) | No. 11CF99 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1 *Held:* The appellate court granted counsel's motion to withdraw because no meritorious issues could be raised on appeal.

¶ 2 This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel. In September 2017, defendant, Gary A. O'Bryant, filed a motion for revocation of fines pursuant to section 5-9-2 of the Unified Code of Corrections (Code) (730 ILCS 5/5-9-2 (West 2016)), asserting he had no means to pay his fines while incarcerated and would be unable to find employment after his projected release from custody. The trial court issued an order denying his section 5-9-2 motion, and defendant appealed.

¶ 3 In September 2019, OSAD filed a motion to withdraw. In its brief, OSAD contends that appeal of this case would be without arguable merit. We agree, grant OSAD's motion to withdraw as counsel, and affirm the trial court's judgment.

¶ 4                                            I. BACKGROUND

¶ 5                                    A. Procedural History

¶ 6          In January 2011, the State charged defendant with (1) possession with intent to deliver a controlled substance (count I) (720 ILCS 570/401(a)(2)(A) (West 2010)); (2) possession of a controlled substance (count II) (*id.* § 402(c)); and (3) possession of 15 grams or more of a controlled substance (count III) (*id.* § 402(a)(2)(A)).

¶ 7          In June 2011, defendant waived his right to jury trial and entered a partially-negotiated plea agreement to count III. In exchange for defendant's pleading guilty, the State (1) dismissed counts I and II and (2) agreed to cap its sentence recommendation to 18 years' imprisonment and a street value fine of $8600.

¶ 8          In July 2011, the trial court imposed a sentence of 15 years in prison, 3 years of mandatory supervised release, an analysis fee of $100, a violent crime victims assistance fee, a genetic marker grouping analysis fee of $200, a $3000 mandatory assessment, and the $8600 mandatory street value fine, with credit for 194 days in pretrial detention.

¶ 9                              B. The Motion for Revocation of a Fine

¶ 10         In September 2017, defendant filed a motion for revocation of a fine pursuant to section 5-9-2 of the Code (730 ILCS 5/5-9-2 (West 2016)), asking the court to revoke $22,679 in fines. Defendant alleged the following as "good cause" for his inability to pay his fines:

> "1. [Defendant] must find housing to parole to.
>
> 2. [Defendant] must find employment as an ex-offender.
>
> 3. [Defendant] may have to attend programs for rehabilitation possibly recomended [*sic*] by the Prisoner Review Board, and pay fees for attendance.
>
> 4. [Defendant] has no family with the financial means to assist him upon release."

Defendant also filed affidavits that showed he earned $28.80 a month, had accumulated $1109 in his prisoner trust account over six years, and had no other source of funds to enable him to "secure housing, driver's license, secure utilities, or any of the other expenses I will incure [*sic*] starting my life over."

¶ 11　　　　In September 2017, the trial court made a docket entry denying defendant's motion. The court stated that the fine imposed was a part of the negotiated plea and gave defendant 24 months to pay the fine. The court further stated, "The defendant is to make all good faith and reasonable efforts to pay the fine, consistent with his financial circumstances, upon release from incarceration."

¶ 12　　　　Defendant filed a motion to reconsider in November 2017, asking the court to reduce the fines related to the automation, circuit clerk fee, victim fund fee, state police operations fee, "TR/CR Sur," the spinal cord fee, clerk operations fee, and trauma fund because these fees were not to help the State prosecute him. The trial court denied the motion in December 2017.

¶ 13　　　　　　C. The Current Appeal and OSAD's Motion To Withdraw

¶ 14　　　　In December 2017, defendant filed a notice of appeal, and OSAD was appointed to represent defendant. In September 2019, OSAD filed a motion to withdraw, stating that no meritorious issue could be raised on appeal and served a copy on defendant. Neither the State nor defendant have filed a response. We agree with OSAD, grant the motion to withdraw as counsel, and affirm the trial court's judgment.

¶ 15　　　　　　　　　　II. ANALYSIS

¶ 16　　　　　　　A. The Standard of Review and Applicable Law

¶ 17　　　　Section 5-9-2 of the Code provides that "the court, upon good cause shown, may

revoke the fine or the unpaid portion or may modify the method of payment." 730 ILCS 5/5-9-2 (West 2016). "A section 5-9-2 petition is a freestanding collateral action, 'allowing defendants to seek financial relief at any appropriate time.' " *People v. Grigorov*, 2017 IL App (1st) 143274, ¶ 5, 91 N.E.3d 390 (quoting *People v. Mingo*, 403 Ill. App. 3d 968, 972, 936 N.E.2d 1156, 1159 (2010)). The Second District has explained that the purpose of the "good cause" requirement in section 5-9-2 is "to provide a defendant relief from fines when factors, external to the original proceedings, would warrant the revocation of the fines to ease a defendant's financial burden." *Mingo*, 403 Ill. App. 3d at 972. "[T]o warrant revocation of a defendant's fines, [the] defendant must establish 'good cause,' which is an 'inability to pay' or a 'hardship' that prevents him from paying the fines imposed by the court." *People v. Barajas*, 2018 IL App (3d) 160433, ¶ 10, 115 N.E.3d 459 (quoting 730 ILCS Ann. 5/5-9-2, Council Comments-1973, at 303 (Smith-Hurd 2007)).

¶ 18 The appellate court reviews a trial court's ruling on a section 5-9-2 motion for an abuse of discretion. See *Barajas*, 2018 IL App (3d) 160433, ¶ 11 (applying an abuse of discretion standard); see also *People v. One 1998 GMC*, 2011 IL 110236, ¶ 16, 960 N.E.2d 1071 (noting that the legislative use of "may" is generally regarded as indicating a permissive or directory reading). A trial court abuses its discretion when its decision is "arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." *People v. McDonald*, 2016 IL 118882, ¶ 32, 77 N.E.3d 26. In the context of section 5-9-2, a trial court may also abuse its discretion by "expand[ing] the good cause standard beyond inability to pay or hardship." *Barajas*, 2018 IL App (3d) 160433, ¶ 11.

¶ 19 B. This Case

¶ 20 OSAD argues that the trial court did not abuse its discretion when it denied

defendant's section 5-9-2 motion on the grounds that he had agreed to the fines as part of his negotiated plea and had failed to show good cause. Additionally, it notes the motion did not have merit because the motion was filed while defendant was still incarcerated, so he could not include any historical facts or evidence regarding failed efforts to find employment. We agree with OSAD that the trial court did not abuse its discretion by denying the section 5-9-2 motion.

¶ 21    Although defendant was imprisoned and had minimal income, no assets, no post-release employment in place, and no family assistance, this showing alone cannot establish a showing of good cause to warrant the revocation of negotiated fines. Defendant's financial situation while in prison is hardly unexpected or unique. The phrase "good cause" would be meaningless if it included such circumstances, which are known and anticipated by the trial court at the time of sentencing and applicable to many if not most defendants. Barring any historical or evidentiary showing that defendant has attempted to gain employment and has been historically unsuccessful, the mere assertion that defendant will have trouble obtaining employment cannot establish a showing of good cause.

¶ 22    Further, the trial court noted that "[t]he fine imposed was part of the negotiated plea." As a result, that fine itself cannot be considered a factor "external to the original proceedings." We conclude that "external to the original proceedings" differentiates between internal factors, such as the prison sentence and its impact on future employment, and external factors, such as being diagnosed with cancer or becoming disabled. The factors that defendant complains of are intrinsic to his being convicted and sentenced to prison, and therefore, they do not qualify as factors "external to the original proceedings."

¶ 23    Finally, the court also modified the conditions of the fines imposed on defendant, granting him an additional two years from the date of his release to make payment, and further

ordered defendant "to make all good faith and reasonable efforts to pay the fine, consistent with his financial circumstances, upon release from incarceration." As this court has noted, section 5-9-2 is a safeguard "for those who in good faith are unable to pay a fine." *People v. Ruff*, 115 Ill. App. 3d 691, 695, 450 N.E.2d 1369, 1373 (1983). And "there is no limit on the filing of successive section 5-9-2 petitions in the trial court." *Grigorov*, 2017 IL App (1st) 143274, ¶ 23. Given this context, we conclude the trial court did not abuse its discretion by denying the section 5-9-2 motion.

¶ 24                                    III. CONCLUSION

¶ 25            For the reasons stated, we agree with OSAD that no meritorious issue can be raised on appeal. We therefore grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 26            Affirmed.