NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241199-U

NOS. 4-24-1199, 4-24-1200 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 19, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Pike County |
| ERIC R. GLAS, | ) | Nos. 22CF244 |
| Defendant-Appellant. | ) | 23MT135 |
| | ) | |
| | ) | Honorable |
| | ) | John F. McCartney, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's denial of defendant's motions to revoke his fines but vacated its denial of defendant's applications for a waiver of court assessments, finding defendant received ineffective assistance of counsel when his attorney failed to file the applications within 30 days of sentencing.

¶ 2    Defendant, Eric R. Glas, pleaded guilty to possession of methamphetamine (720 ILCS 646/60(a) (West 2022)), theft (720 ILCS 5/16-1(a)(1)(A) (West 2022)), and driving with a suspended license (625 ILCS 5/6-303(a) (West 2022)). The trial court sentenced defendant to five years in prison and assessed various fines. Later, defendant's attorney filed applications for a waiver of court assessments, and defendant, *pro se*, filed motions for the revocation of his fines. The court denied the filings, finding that the applications for a waiver of assessments were untimely and that defendant did not need to pay while he was incarcerated, but he would still need to pay the fines after his release.

¶ 3　　　　Defendant appeals the trial court's rulings. He argues the court abused its discretion by denying his motions for the revocation of his fines. He also argues that his trial counsel provided ineffective assistance of counsel in failing to apply for a waiver of court assessments earlier.

¶ 4　　　　We affirm the trial court's denial of defendant's motions to revoke his fines but vacate its denial of defendant's applications for a waiver of court assessments, and we remand for further proceedings.

¶ 5　　　　　　　　　　　　　　　　I. BACKGROUND

¶ 6　　　　In March 2023, in Pike County case No. 22-CF-244, defendant pleaded guilty to one count of unlawful possession of methamphetamine and one count of theft. The State agreed to dismiss the other charged counts. In Pike County case No. 23-MT-135, defendant pleaded guilty to one count of driving with a suspended license. In August 2023, the State and defendant presented a negotiated plea to the trial court. The court accepted the negotiated plea, and it sentenced defendant to five years in prison. It also assessed fines in both cases, including a $500 fine, plus other assessments, in case No. 23-MT-135, and $3,000 in fines, plus other assessments, in case No. 22-CF-244. After defendant's bond and other payments were applied, defendant's remaining balances were $2,833 in case No. 22-CF-244 and $827 in case No. 23-MT-135.

¶ 7　　　　Defendant's presentence investigation report (PSI) included a short section on his finances. Defendant was employed, and his take-home pay was about $580 per week. He also received either $183 or $193 per month in Supplemental Nutrition Assistance Program (SNAP) benefits. The PSI also stated, "[Defendant] reported that he is able to pay for any bills or costs that he has through the income that he gets from work."

¶ 8　　　　In July 2024, defendant's attorney filed a certification for a waiver of court assessments pursuant to Illinois Supreme Court Rule 404 (eff. Sept. 1, 2023) in each of his cases.

- 2 -

Defendant's attorney certified that he was an attorney for the Pike County Public Defender and defendant was entitled to a waiver of court assessments.

¶ 9        One week later, defendant, *pro se*, filed motions for the revocation of fines in both cases. Both motions were nearly identical. Defendant stated that his fines were "due to an incarceration, and that due to this incarceration he [was] unable to pay any fines or cost associated" with his case. In an attached affidavit, defendant stated he was incarcerated and received a stipend of $17.85 per month. Defendant also stated he owed more than $23,400 in court fines and assessments in cases across Adams, Pike, and Kankakee Counties. He had $9,500 in student loans, which would "[b]ecome [d]ue around the time of his expected release," as well as $12,000 in debt that had been "turned into collections" that he would "need to start repaying apon [*sic*] release." Defendant owned no real estate or other notable assets. He listed various expenses he expected to incur upon his release, including a reinstatement fee for his driver's license, transportation expenses, and housing or medical costs. Defendant asserted that he did not have the financial resources to pay his fines, and he asked the trial court to vacate his remaining fines.

¶ 10        The trial court denied defendant's motions. Referring to *People v. Ruff*, 115 Ill. App. 3d 691, 695 (1983), the court explained that there were "sufficient safeguards in place for those who in good faith are unable to pay." The court stated it had discretion to allow defendant more time, to reduce his payments, or to "perhaps revoke a fine when necessary" and it would not require defendant to make payments while he was incarcerated. The court also denied defendant's applications for a waiver of assessments. The court found defendant failed to file the application within 30 days of sentencing, as required by section 124A-20(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/124A-20(c) (West 2022)), and the application was "untimely."

¶ 11        This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13            On appeal, defendant argues (1) the trial court abused its discretion in denying his

motions for the revocation of fines and (2) he received ineffective assistance of counsel because

his attorney failed to file a timely Rule 404 certification. He asks us to reverse the trial court's

order and remand for further proceedings.

¶ 14                          A. Motions for Revocation of Fines

¶ 15            First, we consider whether the trial court improperly denied defendant's motions

for the revocation of fines. Section 5-9-2 of the Unified Code of Corrections (730 ILCS 5/5-9-2

(West 2022)) states, "Except as to fines established for violations of Chapter 15 of the Illinois

Vehicle Code, the court, upon good cause shown, may revoke the fine or the unpaid portion or

may modify the method of payment." To establish "good cause," a defendant must demonstrate

an " 'inability to pay' or a " 'hardship' that prevents him from paying the fines." *People v. Barajas*,

2018 IL App (3d) 160433, ¶ 10 (quoting 730 ILCS Ann. 5/5-9-2, Council Comments-1973, at 303

(Smith-Hurd 2007)). Section 5-9-2 provides a defendant "relief from fines when factors, external

to the original proceedings, would warrant the revocation of the fines to ease a defendant's

financial burden." *People v. Mingo*, 403 Ill. App. 3d 968, 972 (2010). We review a court's denial

of a motion to revoke fines under section 5-9-2 for an abuse of discretion. *People v. Rivera*, 2020

IL App (2d) 171002, ¶ 7. "[A]n abuse of discretion occurs where the trial court's decision is

arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it."

*People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 16            Defendant contends the trial court abused its discretion by denying his motions.

First, defendant argues the court erred by relying on *Ruff*. There, the trial court assessed a

mandatory fine as part of the defendant's sentence. *Ruff*, 115 Ill. App. 3d at 691. On appeal, the

defendant argued that the mandatory fine improperly interfered with the court's discretion at sentencing. *Id.* at 694. The appellate court disagreed, comparing the mandatory fine to mandatory minimum prison sentences. *Id.* at 695. It also found that, although fines are disfavored when defendants lack the ability to pay, "safeguards exist for those who in good faith are unable to pay a fine." *Id.* For example, section 5-9-2 allows a court to revoke a previously imposed fine. *Id.*

¶ 17 Defendant argues that *Ruff* simply cited section 5-9-2 as an example of a provision that could protect indigent defendants from overly burdensome fines, but it did not address what constitutes "good cause" under section 5-9-2. Indeed, the defendant in *Ruff* did not even rely on this statute. Defendant contends that *Ruff* does not control here, and the trial court's reliance on *Ruff* was erroneous.

¶ 18 Certainly, *Ruff* does not address what constitutes "good cause" under section 5-9-2. However, the trial court noted that it had the discretion to allow defendant more time to pay, and it was not requiring defendant to make payments while he was incarcerated. The court's reference to the "safeguards" mentioned in *Ruff* simply acknowledged the court's other ways of ameliorating the burden of fines, besides total revocation. Moreover, the court's citation to *Ruff* does not indicate that it failed to consider defendant's claims. The court acknowledged it could "perhaps revoke a fine when necessary." Therefore, the court concluded that the revocation of defendant's fines was not warranted under the present circumstances.

¶ 19 This conclusion was not an abuse of discretion. Defendant insists that he established "good cause." Because of his incarceration, his lack of employment, and his lack of assets, defendant contends he did not have the resources to pay his fines. He also emphasizes his student loans, which would become due soon after his release from prison, and his other debts, which would be sent to collections. Defendant argues these facts established "good cause" to revoke his

fines.

¶ 20    Defendant's arguments do not convince us that the trial court abused its discretion. First, much of defendant's alleged financial hardship follows directly from his prison sentence. Defendant's incarceration, his very low income from his prison stipend, and the expenses he expected to incur after his eventual release from prison are all facts that would apply to a substantial amount, perhaps the vast majority, of incarcerated defendants. We are simply not persuaded that the General Assembly intended section 5-9-2 to require trial courts to waive all fines for such a large portion of criminal defendants, simply through the phrase "good cause." Similarly, if the trial court was not moved by defendant's driver's license reinstatement fee and various court fines, we cannot say this was an abuse of discretion. As with defendant's incarceration, these burdens were a direct consequence of defendant's sentences for his convictions. See *Mingo*, 403 Ill. App. 3d at 972 (stating that section 5-9-2 provides a defendant "relief from fines when factors, *external to the original proceedings*, would warrant the revocation of the fines to ease a defendant's financial burden" (emphasis added)).

¶ 21    Other than general allegations of unspecified medical, transportation, or housing costs, the only other financial burdens defendant alleged were his student loans and other debts. But defendant did not provide any details on how much he could be required to pay per month on his loans, how the loan payments could burden his finances, or what the consequences of nonpayment might be. The trial court could reasonably have decided these loans did not create a sufficiently dire financial situation to warrant revoking defendant's fines.

¶ 22    More importantly, defendant's claims of financial hardship are speculative. At the time he filed his motion, defendant did not yet face any housing, transportation, or medical costs. He did not yet have to pay back any loans. Indeed, he did not allege any financial hardship that he

faced at the time he filed his motion. He merely expected such hardship after his release from prison. Moreover, the trial court would struggle to evaluate how much defendant could be required to pay toward his unpaid balance without knowing what defendant's income would be if he found employment after his release. We therefore find the court did not abuse its discretion in denying defendant's motions.

¶ 23　　　　Lastly, defendant contends that the trial court failed to sufficiently consider his arguments. The court's short written order did not use the phrase "good cause." The order also did not explicitly state that the court reviewed defendants' affidavit, nor did it mention any of defendant's specific factual allegations. It did not explain how the supposed "safeguards" in *Ruff* applied in this case, except by stating it would not require defendant to pay while he was incarcerated. According to defendant, this lack of explanation, as well as the lack of a hearing on his motion, demonstrates that the court failed to properly exercise its discretion. Defendant contends this failure to exercise discretion constitutes an abuse of discretion. See *People v. Jones*, 2015 IL App (2d) 120717, ¶ 17 ("Where a trial court erroneously believes that it has no discretion in a matter, its failure to exercise discretion can itself constitute an abuse of discretion.").

¶ 24　　　　We disagree. First, we do not see from the record that defendant set his case for a hearing on his motion or that he raised any objection or asked for reconsideration when the trial court ruled on his written motion without a hearing. Moreover, we will not assume the court failed to consider defendant's motion simply because its order was short. Nor will we assume the court mistakenly believed it lacked discretion. Instead, "we presume that the trial judge knows and follows the law unless the record demonstrates otherwise." *People v. Blair*, 215 Ill. 2d 427, 449 (2005). Nothing in the record here refutes this presumption. Defendant points to the court's citation to *Ruff* as erroneous reasoning, but this citation in no way suggests the court believed it lacked

discretion in this case. Indeed, the court acknowledged it had the authority to revoke fines. Finally, the court's citations to *Ruff* and the 30-day deadline in section 124A-20(c) indicate that the court reviewed defendant's filings and considered their merits. Defendant disagrees with the court's ruling, but, as explained above, that ruling was not an abuse of discretion.

¶ 25                                    B. Rule 404 Certification

¶ 26          Defendant also argues that he did not receive effective assistance of counsel. The United States and Illinois Constitutions guarantee criminal defendants the right to effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984); *People v. Albanese*, 104 Ill. 2d 504, 525 (1984). To show he was denied this right, a defendant must demonstrate that "counsel's performance fell below minimal professional standards and that a reasonable probability exists that the sentence was affected by the poor performance." *People v. Steidl*, 177 Ill. 2d 239, 257 (1997).

¶ 27          Defendant argues his attorney was ineffective for failing to file a timely certification under Rule 404. Rule 404 allows criminal defendants to apply for a waiver of court assessments. Ill. S. Ct. R. 404(a) (eff. Sept. 1, 2023). It states, "The Application should be submitted no later than 30 days after sentencing." *Id.*; see 725 ILCS 5/124A-20(c) (West 2022) ("An application for a waiver of assessments shall be in writing, signed by the defendant or, if the defendant is a minor, by another person having knowledge of the facts, and filed no later than 30 days after sentencing."). Section 124A-20(b)(1) states, "If the court finds that the applicant is an indigent person, the court shall grant the applicant a full assessment waiver exempting him or her from the payment of any assessments." 725 ILCS 5/124A-20(b)(1) (West 2022). It further provides that an "indigent person" is anyone who satisfies at least one of the following requirements:

"(1) He or she is receiving assistance under one or more of the following

- 8 -

means-based governmental public benefits programs: Supplemental Security Income; Aid to the Aged, Blind and Disabled; Temporary Assistance for Needy Families [(TANF)]; [SNAP]; General Assistance; Transitional Assistance; or State Children and Family Assistance.

(2) His or her available personal income is 200% or less of the current poverty level, unless the applicant's assets that are not exempt under Part 9 or 10 of Article XII of the Code of Civil Procedure are of a nature and value that the court determines that the applicant is able to pay the assessments.

(3) He or she is, in the discretion of the court, unable to proceed in an action with payment of assessments and whose payment of those assessments would result in substantial hardship to the person or his or her family." *Id.* § 124A-20(a)(1)-(3).

¶ 28 In *People v. Chase*, 2025 IL App (4th) 230407-U, the defendant's attorney failed to file an application for a waiver of assessments. Later, over 30 days after the defendant's sentencing hearing, the defendant filed an application *pro se. Id.* ¶ 88. His application alleged that he received TANF and general assistance and he qualified for a waiver. The trial court denied the application as untimely. *Id.* On appeal, we found that the defendant received ineffective assistance of counsel. We explained, "If defendant was indeed receiving general assistance, as he indicated in his application, he would have been statutorily eligible for the waiver. However, defendant never had the opportunity to present evidence of his eligibility to the court." *Id.* ¶ 90. We remanded to give the defendant "an opportunity to file an assessment waiver." *Id.*

¶ 29 In *People v. Baker*, 2022 IL App (4th) 210713, ¶ 81, the defendant's attorney failed to file a certification for a fee waiver. Later, the defendant alleged this failure constituted ineffective assistance of counsel. *Id.* ¶ 81. The appellate court determined that the defendant did

not demonstrate she would have been granted a waiver, stating the defendant "failed to point to any evidence in the record of a 'substantial hardship' aside from the mere fact that OSAD was appointed to represent her." *Id.* ¶ 83. Moreover, the defendant had posted a $5,000 cash bond, and that bond payment was used to pay all her fines. *Id.* Therefore, she did not satisfy the "prejudice" prong of *Strickland*. *Id.* ¶ 84.

¶ 30 Here, defendant argues his attorney's performance was deficient because he failed to file a timely certification. Rule 404 requires the application to be filed within 30 days of sentencing. Ill. S. Ct. R. 404 (eff. Sept. 1. 2023). Defendant's attorney waited almost one year after sentencing before filing the certification. The trial court denied his request for a waiver because the certification was untimely. As in *Chase*, defendant argues this failure constituted "deficient performance" under the first prong of *Strickland*. See *Chase*, 2025 IL App (4th) 230407-U, ¶ 90; see also *Steidl*, 177 Ill. 2d at 257.

¶ 31 Defendant also argues his attorney's failure to file a timely certification prejudiced him. Defendant contends that, unlike in *Baker*, he qualified for a waiver because the record shows he faced a "substantial hardship" in paying the fines. Defendant was represented by the public defender's office, and he was unable to post bond when he was sentenced. Moreover, defendant still has unpaid fines, which, he contends, distinguishes *Baker*.

¶ 32 The State concedes that defense counsel's failure to file a timely Rule 404 certification constituted deficient performance. Although the State denies that defendant showed a "substantial hardship" that would qualify him for a waiver of fees, it acknowledges that defendant might have qualified for a waiver based on his SNAP benefits. The State observes that the PSI indicates defendant received SNAP benefits. Recipients of public benefits, including SNAP, qualify for a fee waiver under section 124A-20(a)(1). 725 ILCS 5/124A-20(a)(1) (West 2022). The

State, therefore, agrees that defendant was prejudiced by his counsel's deficient performance, and it suggests that we remand for a hearing to confirm that defendant received SNAP benefits.

¶ 33 We agree with the State that defendant has not demonstrated a "substantial hardship" qualifying him for a fee waiver under section 124A-20(a)(3). 725 ILCS 5/124A-20 (a)(3) (West 2022). Qualification for representation by the public defender, alone, is not sufficient under this provision. See *People v. Cadengo*, 2025 IL App (4th) 240568, ¶ 77; see also *Baker*, 2022 IL App (4th) 210713, ¶ 83. Moreover, the PSI indicated that defendant's income was sufficient to pay his bills. Finally, the fact that defendant still has some unpaid fines does not demonstrate that making any payments at all would constitute a "substantial hardship."

¶ 34 However, we accept the State's concession that defendant's receipt of public benefits qualified him for a waiver. We find that a hearing on defendant's SNAP benefits is not necessary for us to evaluate defendant's ineffective assistance claim. The State provides no reason for us to disregard the PSI, and we find the PSI sufficiently established that defendant received government benefits for the purposes of this claim. We find that if defendant's attorney had submitted a timely certification for fee waiver, there is a reasonable probability that defendant's qualifying fees would have been waived. Therefore, defendant was prejudiced.

¶ 35 Defendant has shown he received ineffective assistance of counsel. We vacate the trial court's denial of defendant's certification for a waiver of assessments, and we remand to provide defendant an opportunity to file an assessment waiver.

¶ 36                                III. CONCLUSION

¶ 37 For the reasons stated, we affirm the trial court's denial of defendant's motions to revoke his fines but vacate its denial of defendant's applications for a waiver of court assessments, and we remand for further proceedings.

¶ 38        Affirmed in part and vacated in part; cause remanded.